UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATHANIEL BONILLA,<br>         Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES,<br><br>         Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.: 3:22-cv-00034<br><br>REMOVED FROM SUPERIOR COURT<br>OF THE STATE OF CONNECTICUT,<br>JUDICIAL DISTRICT OF HARTFORD<br>CIVIL ACTION NO:<br>HHD-CV-21-6150412-S<br><br>January 7, 2022 |

## NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Amazon.com Services[1] ("Amazon") hereby removes the civil action entitled *Nathaniel Bonilla v. Amazon.com Services* (Docket No. HHD-CV-21-6150412-S), from the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, to the United States District Court for the District of Connecticut. In support of its Notice of Removal, Amazon states as follows:

**I.      RELEVANT BACKGROUND**

1. On or about December 2, 2021, Plaintiff Nathaniel Bonilla ("Plaintiff") commenced this action by filing a Complaint ("Complaint" or "Compl.") against Amazon in the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, captioned as *Nathaniel Bonilla v. Amazon.com Services.*

2. On or about December 9, 2021, Amazon received a copy of the Summons, Complaint, Statement Re: Amount in Demand, and Exhibit A. A true and correct copy of the

---

[1] Defendant Amazon.com Services, LLC is incorrectly identified in the caption of Plaintiff's Complaint as "Amazon.com Services", which appears to be a typographical error.

1

Summons, Complaint, Statement Re: Amount in Demand, and Exhibit A are attached hereto as Exhibit 1.

3. No other proceedings have been held in the Connecticut Superior Court, and the Summons, Complaint, Statement Re: Amount in Demand, and Exhibit A constitute all process and pleadings served upon Amazon in this case.

4. Accordingly, fewer than thirty days have elapsed since this action became removable to this Court.

5. Plaintiff's Complaint alleges claims of monetary damages and such other and further relief as in law and equity may pertain.

6. Plaintiff seeks alleged damages, including but not limited to money damages for lost wages and employment benefits, punitive damages, and attorneys' fees and litigation expenses. *See* Compl., p. 7. Plaintiff's Complaint does not allege a specific damages amount.

## II.  REMOVAL STANDARDS

7. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."

8. As demonstrated below, this action is removable to the United States District Court for the District of Connecticut under 28 U.S.C. § 1332 (diversity of citizenship), and because this Court encompasses the district and division where the action currently is pending.

## III. DIVERSITY JURISDICTION

9. Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different states…." In this matter, removal is

appropriate as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A. Complete Diversity of Citizenship Exists.

10. Upon information and belief, Plaintiff is a citizen of and resides in the State of Connecticut. Compl. ¶ 1.

11. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business.

12. Amazon was at the time of the commencement of this action, and is now, incorporated under the laws Delaware, and headquartered in Seattle, Washington.[2] Compl. ¶ 2

13. As Plaintiff is a citizen of Connecticut and Amazon is a citizen of Delaware and Washington, this action is between "citizens of different states." *See* 29 U.S.C. § 1332(a)(1).

14. As a result, and for the purpose of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend et al.*, 559 U.S. 77 (2010).

### B. The Amount in Controversy Requirement Is Satisfied.

15. Because Plaintiff does not expressly plead a specific amount of damages in his Complaint, Amazon must only show "that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

16. Although Plaintiff's Complaint does not specify the precise amount of damages sought, there is a reasonable probability that the amount in controversy in this case exceeds

---

[2] Amazon.com Services LLC is incorporated under the laws of Delaware with its corporate headquarters and principal place of business in Washington. Accordingly, Amazon.com Services LLC is a citizen of Delaware and Washington, because it is a limited liability company whose only member is incorporated in Delaware and has its principal place of business in Washington.

78413610v.1

$75,000, exclusive of interest and costs. In his Complaint, Plaintiff alleges money damages for lost wages and employment benefits, reinstatement, or in lieu thereof, front pay, punitive damages pursuant to C.G.S. § 46a-104 and 31-209a, and attorney's fees and costs pursuant to C.G.S. § 46a-104 and 31-209a. Compl., p. 7..

17. If Plaintiff were to prevail at trial on all his claims, there is a reasonable probability that these categories of damages would together exceed $75,000.[3]

18. Accordingly, although Amazon expressly denies any liability to Plaintiff, there is a reasonable probability that this action meets the jurisdictional amount required for removal based on diversity of citizenship under 28 U.S.C. § 1332(a).

## IV.   VENUE

19. The United States District Court for the District of Connecticut is a proper venue for removal because it is the federal judicial district in which the Complaint alleges that a substantial part of the alleged events and/or conduct giving rise to the claims occurred.

20. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Superior Court in Hartford, where this action was filed and has been pending prior to removal, lies within this federal District and Division.

## V.   ADDITIONAL REQUIREMENTS FOR REMOVAL

21. As set forth above, this Notice of Removal is timely filed with this Court because thirty days have not expired since Amazon received the Complaint. *See* 28 U.S.C. § 1446(b).

---

[3] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiff's Complaint. Amazon's reference to a specific damages amount is solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Amazon maintains that Plaintiff's claims are without merit and that Amazon is not liable to Plaintiff. Amazon specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Amazon. No statement or reference contained in this Notice of Removal constitutes an admission of liability or a suggestion that Plaintiff will or could recover any damages amounts based upon the allegations contained in the Complaint or otherwise.

22. Amazon is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court action in this removed action.

23. Amazon will promptly file a notice of filing this Notice of Removal with the Superior Court in accordance with 28 U.S.C. § 1446(d). A copy of such notice of filing is attached hereto as Exhibit 2.

24. Amazon has provided Plaintiff written notice of this filing in accordance with 28 U.S.C. § 1446(d).

25. No previous Notice of Removal has been filed or made with this Court or any other court for the relief sought herein.

26. The undersigned is counsel for and is duly authorized to effect removal on behalf of Amazon.

27. By filing a Notice of Removal in this matter, Amazon does not waive its right to assert any and all defenses and/or objections in this case.

**WHEREFORE**, Amazon hereby removes this case from the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, to this Court, and this Court now has jurisdiction over further proceedings.

Respectfully submitted,

**AMAZON.COM SERVICES LLC,**

By its attorneys,

*/s/ Daniel B. Klein*
Daniel B. Klein (ct18934)
dklein@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
TEL: 617-946-4800
FAX: 617-946-4801

## CERTIFICATE OF SERVICE

      I hereby certify that on January 7, 2022, a copy of the foregoing document was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. A copy is also being sent by electronic and first class mail, postage prepaid, on this date to counsel of record for all parties, as follows:

      Megan L. Michaud
      Cicchiello & Cicchiello, LLP
      364 Franklin Avenue
      Hartford, CT 06114
      Email: mmichaud@cicchielloesq.com

                                                 /s/ *Daniel B. Klein*
                                                 Daniel B. Klein

78413610v.1