**Exhibit 1**

# Exhibit 1

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | December 28, 2021 |

| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) Hartford | Case type code *(See list on page 2)* Major: M   Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 296-3457 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* mmichaud@cicchielloesq.com |
|---|---|---|

Number of Plaintiffs: 1   Number of Defendants: 1   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Nathanial Bonilla<br>Address: 134 Queen Street, Bristol, CT 06010 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Amazon.com Services, LLC 410 Terry Avenue North, Seattle, WA, 98109<br>Address: Agent: Corporation Service Company, 100 Pearl Street, 17th Floor, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left MEGAN L. MICHAUD | Date signed 12/02/2021 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY ATTES
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSH
INDIFFERENT PERSON

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: DECEMBER 28, 2021 | SUPERIOR COURT |
| NATHANIEL BONILLA | J.D. OF HARTFORD |
| VS. | AT HARTFORD |
| AMAZON.COM SERVICES | DECEMBER 2, 2021 |

**COMPLAINT**

1. Plaintiff, Nathaniel Bonilla (hereinafter referred to as "Plaintiff"), was at all times set forth herein, and remains, a resident of the Town of Bristol, in the State of Connecticut.

2. Defendant, Amazon.com Services (hereinafter "Defendant" or "Defendant Business") is a foreign business organized and existing under the laws of the State of Delaware with a business address of 410 Terry Avenue North, Seattle, WA 98109.

3. Prior to instituting this instant action, on or about June 3, 2021, the Plaintiff filed an administrative complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). The Plaintiff received a Release of Jurisdiction from the CHRO on November 19, 2021. A copy of said Release of Jurisdiction is attached hereto as Exhibit A.

4. Plaintiff suffers from a disability, Irritable Bowel Syndrome, which at times requires Plaintiff to use the restroom frequently.

5. Plaintiff was hired by the Defendant in November of 2020, at the Defendant's Windsor, Connecticut location. Plaintiff was hired as a box packer and soon thereafter began working as a counter.

6. Plaintiff notified the Defendant of his medial disability and provided a Doctor's note requesting a reasonable accommodation of being able to use the restroom as needed.

7. Defendant continued to harass and counsel the Plaintiff for being away from his workstation too frequently when he was in the restroom.

8. On or about April 3, 2021, Plaintiff filed a Healthcare Accommodation Request with his employer, Defendant, specifically requesting an accommodation for frequent restroom breaks as needed.

9. On or about April 14, 2021, Plaintiff suffered an injury to his right foot while performing duties within the bounds of his employment.

10. Plaintiff returned to work after three scheduled days off, and because the injury to his right foot had not subsided, he filled out an injury report.

11. The Plaintiff sought treatment for the injury sustained at work and was sent by the Defendant to be seen at a facility chosen by the Defendant.

12. Initially, the Plaintiff went to the Concentra location closes to him in New Britain. There, he was given restrictions of seated work up to 8 hours a day.

13. The Plaintiff regularly worked 10 hour shifts.

14. The Defendant refused to allow the Plaintiff back to work until he went to the Concentra location in Windsor, which is across the street from the Defendant and that Plaintiff would need a note allowing him to work a 10 hour shift.

15. The Plaintiff therefore went to the Windsor Concentra. This Concentra location also provided him with light-duty, seated, work, but for 10 hours a day.

16. The Defendant reluctantly complied with the Plaintiff's restrictions and accommodated him by allowing him to sit on a computer for light duty.

17. Plaintiff worked the overnight shift.

18. After a week of working light duty, the Plaintiff had completed his work for the night and was sitting at his computer at 4 A.M., towards the end of his shift, and he briefly fell asleep.

19. The Safety Officer working at the time and tapped the Plaintiff to wake him up and casually told the Plaintiff that, "he couldn't do that."

20. The next day, the safety manager told the Plaintiff that they had to investigate the events of the night prior.

21. On or about April 27, 2021, the Plaintiff was terminated by the Defendant for falling asleep at a machine while working. However, the Plaintiff was sitting at the computer, not a machine, when he briefly dozed off.

22. Any and all reasons for termination identified by the Defendant are pretext to mask unlawful disability or perceived disability, discrimination, failure to accommodate and retaliation.

**COUNT ONE:** Disability Discrimination in Violation of Conn. Gen. Stat. § 46a-60(a)(1)

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 22 above as Paragraphs 1 through 22 of this First Count as if fully set forth herein.

23. The Defendant treated Plaintiff differently than others and terminated the Plaintiff's employment because his physical disability or perceived physical disability. The foregoing conduct by the Defendant constitutes disability discrimination in violation of the CFEPA.

24. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to his loss and detriment.

25. As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

26. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT TWO:** **Failure to Accommodate in Violation of Conn. Gen. Stat. § 46a-60(a)(1)**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 22 above as Paragraphs 1 through 22 of this Second Count as if fully set forth herein.

23. The Defendant refused to engage with the Plaintiff to determine whether it could provide him with a reasonable accommodation and ultimately failed to provide him with a reasonable accommodation.

24. The foregoing conduct of the Defendant constitutes a failure to accommodate in violation of the CFEPA.

25. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to his loss and detriment.

26. As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

27. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT THREE:   Retaliation in Violation of Conn. Gen. Stat. § 31-290a**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 22 above as Paragraphs 1 through 22 of this Third Count as if fully set forth herein.

23. The Plaintiff was discriminated against, retaliated against and terminated for exercising or attempting to exercise his rights the Worker's Compensation Statute in violation of Connecticut General Statutes § 31-209a.

24. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to his loss and detriment.

25. As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

26. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**WHEREFORE,** Plaintiff prays for the following relief:

1. Money damages for lost wages and employment benefits;

2. Reinstatement, or in lieu thereof, front pay;

3. Punitive damages pursuant to C.G.S. § 46a-104 and 31-290a;

4. Attorneys' fees and costs of this Action pursuant to C.G.S. § 46a-104 and 13-290a; and

5. All other awardable relief.

THE PLAINTIFF
NATHAN BONILLA

By: _____
Megan L. Michaud, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mmichaud@cicchielloesq.com

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| | |
|---|---|
| RETURN DATE: DECEMBER 28, 2021 : | SUPERIOR COURT |
| NATHANIEL BONILLA : | J.D. OF HARTFORD |
| VS. : | AT HARTFORD |
| AMAZON.COM SERVICES : | DECEMBER 2, 2021 |

**STATEMENT OF AMOUNT IN DEMAND**

The Plaintiff claims the amount in demand in excess of $15,000.00 exclusive of interest and costs.

THE PLAINTIFF
NATHAN BONILLA

By: _____
Megan L. Michaud, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mmichaud@cicchielloesq.com

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

# EXHIBIT A

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Nathaniel Bonilla
**COMPLAINANT**                                    CHRO No. 2110472

vs.                                                EEOC No. 16A-2021-01103

Amazon
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** November 19, 2021                        Tanya A. Hughes, Executive Director

Service:
Complainant's counsel: mmichaud@cicchielloesq.com
Respondent's counsel:  ssuarez@littler.com