## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATHANIEL BONILLA,                : | CIVIL ACTION NO. 3:22-cv-00034-VAB |
|        Plaintiff,        : | |
|                    : | |
| v.                      : | |
|                    : | |
| AMAZON.COM SERVICES,    : | |
|                    : | |
|        Defendant.     : | |
|                    : | January 14, 2022 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Amazon.com Services[1] ("Amazon" or "Defendant"), by and through its attorneys, Seyfarth Shaw, LLP, hereby submits its Answer to Plaintiff Nathaniel Bonilla's ("Plaintiff") Complaint as follows:

## COMPLAINT ¶1:

Plaintiff, Nathaniel Bonilla (hereinafter referred to as "Plaintiff"), was at all times set forth herein, and remains, a resident of the Town of Bristol, in the State of Connecticut.

## ANSWER:

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same and leaves Plaintiff to his proof.

## COMPLAINT ¶2:

Defendant, Amazon.com Services (hereinafter "Defendant" or "Defendant Business") is a foreign business organized and existing under the laws of the State of Delaware with a business address of 410 Terry Avenue North, Seattle, WA 98109.

---

[1] Defendant's full name is Amazon.com Services LLC.

**ANSWER:**

Defendant admits that Amazon.com Services LLC is incorporated under the laws of the state of Delaware and maintains a corporate headquarters located at 410 Terry Avenue N., Seattle, WA 98258.  Defendant denies the remaining allegations of Paragraph 2.

**COMPLAINT ¶3:**

Prior to instituting this instant action, on or about June 3, 2021, the Plaintiff filed an administrative complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). The Plaintiff received a Release of Jurisdiction from the CHRO on November 19, 2021. A copy of said Release of Jurisdiction is attached hereto as Exhibit A.

**ANSWER:**

Defendant states that the written documentation speaks for itself and denies the allegations to the extent they are inconsistent with that documentation.

**COMPLAINT ¶4:**

Plaintiff suffers from a disability, Irritable Bowel Syndrome, which at times requires Plaintiff to use the restroom frequently.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 4 and therefore denies the same and leaves Plaintiff to his proof.

**COMPLAINT ¶5:**

Plaintiff was hired by the Defendant in November of 2020, at the Defendant's Windsor, Connecticut location. Plaintiff was hired as a box packer and soon thereafter began working as a counter.

**ANSWER:**

Defendant admits that Plaintiff was hired as a Fulfillment Associate at the BDL2-FC facility located in Windsor, CT (the "Facility") on or about November 5, 2020, and otherwise denies the allegations in Paragraph 5.

**COMPLAINT ¶6:**

Plaintiff notified the Defendant of his medial [*sic*] disability and provided a Doctor's note requesting a reasonable accommodation of being able to use the restroom as needed.

**ANSWER:**

Defendant denies the allegations in Paragraph 6.

**COMPLAINT ¶7:**

Defendant continued to harass and counsel the Plaintiff for being away from his workstation too frequently when he was in the restroom.

**ANSWER:**

Defendant denies the allegations in Paragraph 7.

**COMPLAINT ¶8:**

On or about April 3, 2021, Plaintiff filed a Healthcare Accommodation Request with his employer, Defendant, specifically requesting an accommodation for frequent restroom breaks as needed.

**ANSWER:**

Defendant admits that on March 14, 2021, Plaintiff provided Amazon with a copy of a

March 12, 2021 note from a healthcare provider which stated that Plaintiff should be "excused"

from "days missed and if he requires to step away from his desk more often or for longer periods

of time", and Defendant otherwise denies the allegations in Paragraph 8.

**COMPLAINT ¶9:**

On or about April 14, 2021, Plaintiff suffered an injury to his right foot while performing duties within the bounds of his employment.

**ANSWER:**

Defendant admits that, on April 15, 2021, Plaintiff reported to Amazon that he had

injured his ankle at work the previous day and otherwise denies the allegations in Paragraph 9.

78833351v.1

**COMPLAINT ¶10:**

Plaintiff returned to work after three scheduled days off, and because the injury to his right foot had not subsided, he filled out an injury report.

**ANSWER:**

Defendant admits that, on April 15, 2021, Plaintiff reported to Amazon that he had injured his ankle at work the previous day and otherwise denies the allegations in Paragraph 10.

**COMPLAINT ¶11:**

The Plaintiff sought treatment for the injury sustained at work and was sent by the Defendant to be seen at a facility chosen by the Defendant.

**ANSWER:**

Defendant admits that Plaintiff reported an injury to Amazon that he claimed occurred at work and otherwise denies the allegations in Paragraph 11.

**COMPLAINT ¶12:**

Initially, the Plaintiff went to the Concentra location closes [*sic*] to him in New Britain. There, he was given restrictions of seated work up to 8 hours a day.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 12 and therefore denies the same and leaves Plaintiff to his proof.

**COMPLAINT ¶13:**

The Plaintiff regularly worked 10 hour shifts.

**ANSWER:**

Defendant admits that as a Fulfillment Associate at the Facility, Plaintiff was typically scheduled for four 10-hour shifts per week; and Defendant otherwise denies the allegations in Paragraph 13 due to the undefined term "regularly".

**COMPLAINT ¶14:**

The Defendant refused to allow the Plaintiff back to work until he went to the Concentra location in Windsor, which is across the street from the Defendant and that Plaintiff would need a note allowing him to work a 10 hour shift.

**ANSWER:**

Defendant denies the allegations in Paragraph 14.

**COMPLAINT ¶15:**

The Plaintiff therefore went to the Windsor Concentra. This Concentra location also provided him with light-duty, seated, work, but for 10 hours a day.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 15 and therefore denies the same and leaves Plaintiff to his proof.

**COMPLAINT ¶16:**

The Defendant reluctantly complied with the Plaintiff's restrictions and accommodated him by allowing him to sit on a computer for light duty.

**ANSWER:**

Defendant admits that Plaintiff was sometimes assigned to seated work and otherwise denies the allegations in Paragraph 16.

**COMPLAINT ¶17:**

Plaintiff worked the overnight shift.

**ANSWER:**

Defendant admits that Plaintiff was typically assigned to work overnight shifts.

**COMPLAINT ¶18:**

After a week of working light duty, the Plaintiff had completed his work for the night and was sitting at his computer at 4 A.M., towards the end of his shift, and he briefly fell asleep.

**ANSWER:**

Defendant admits that Plaintiff was observed sleeping at his assigned workstation at 2:25

a.m. and 4:05 a.m. on April 26, 2021, and Defendant otherwise denies the allegations in

Paragraph 18.

**COMPLAINT ¶19:**

The Safety Officer working at the time and tapped the Plaintiff to wake him up and casually told the Plaintiff that, "he couldn't do that."

**ANSWER:**

Defendant denies the allegations in Paragraph 19.

**COMPLAINT ¶20:**

The next day, the safety manager told the Plaintiff that they had to investigate the events of the night prior.

**ANSWER:**

Defendant admits that it investigated Plaintiff's multiple incidents of falling asleep at his

workstation on April 26, 2021 and otherwise denies the allegations in Paragraph 20.

**COMPLAINT ¶21:**

On or about April 27, 2021, the Plaintiff was terminated by the Defendant for falling asleep at a machine while working. However, the Plaintiff was sitting at the computer, not a machine, when he briefly dozed off.

**ANSWER:**

Defendant admits that Plaintiff's employment was terminated on or about April 27, 2021

for committing a Category 1 safety violation of Amazon's Standards of Conduct and otherwise

denies the allegations in Paragraph 21.

**COMPLAINT ¶22:**

Any and all reasons for termination identified by the Defendant are pretext to mask unlawful disability or perceived disability, discrimination, failure to accommodate and retaliation.

**ANSWER:**

Defendant denies the allegations in Paragraph 22.

**COUNT ONE:**           **Disability Discrimination in Violation of Conn. Gen. Stat. §
46a-60(a)(1)[2]**

**COMPLAINT ¶ 1:** [*sic*]

The Plaintiff repeats and re-alleges Paragraphs 1 through 22 above as Paragraphs 1
through 22 of this First Count as if fully set forth herein.

**ANSWER:**

Paragraph 1 of Count One consists of a statement of incorporation, to which no response

is required. To the extent that a response is required, Defendant incorporates its responses to the

preceding paragraphs.

**COMPLAINT ¶23:**

The Defendant treated Plaintiff differently than others and terminated the Plaintiff's
employment because [*sic*] his physical disability or perceived physical disability. The foregoing
conduct by the Defendant constitutes disability discrimination in violation of the CFEPA.

**ANSWER:**

Defendant denies the allegations in Paragraph 23.

**COMPLAINT ¶24:**

As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied
the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of
income and other employment benefits and will continue to suffer the loss of same all to his loss
and detriment.

**ANSWER:**

Defendant denies the allegations in Paragraph 24.

---

[2] Defendant responds that Conn. Gen. Stat. § 46a-60(a)(1) has nothing to do with this action as pled. The text found
at that citation reads: "'Pregnancy' means pregnancy, childbirth or a related condition, including, but not limited to,
lactation." Conn. Gen. Stat. Ann. § 46a-60(a)(1).

78833351v.1

**COMPLAINT ¶25:**

As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

**ANSWER:**

Defendant denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**ANSWER:**

Defendant denies the allegations in Paragraph 26.

**COUNT TWO:**       **Failure to Accommodate in Violation of Conn. Gen. Stat. § 46a-60(a)(1)[3]**

**COMPLAINT ¶ 1:** [*sic*]

The Plaintiff repeats and re-alleges Paragraphs 1 through 22 above as Paragraphs 1 through 22 of this Second Count as if fully set forth herein.

**ANSWER:**

Paragraph 1 of Count Two consists of a statement of incorporation, to which no response is required. To the extent that a response is required, Defendant incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶ 23:** [*sic*]

The Defendant refused to engage with the Plaintiff to determine whether it could provide him with a reasonable accommodation and ultimately failed to provide him with a reasonable accommodation.

**ANSWER:**

Defendant denies the allegations in Paragraph 23.

---

[3] Defendant responds that Conn. Gen. Stat. § 46a-60(a)(1) has nothing to do with this action as pled. The text found at that citation reads: "'Pregnancy' means pregnancy, childbirth or a related condition, including, but not limited to, lactation." Conn. Gen. Stat. Ann. § 46a-60(a)(1).

**COMPLAINT ¶ 24:** [*sic*]

The foregoing conduct of the Defendant constitutes a failure to accommodate in violation of the CFEPA.

**ANSWER:**

Defendant denies the allegations in Paragraph 24.

**COMPLAINT ¶ 25:** [*sic*]

As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to his loss and detriment.

**ANSWER:**

Defendant denies the allegations in Paragraph 25.

**COMPLAINT ¶ 26:** [*sic*]

As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

**ANSWER:**

Defendant denies the allegations in Paragraph 26.

**COMPLAINT ¶27:**

As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**ANSWER:**

Defendant denies the allegations in Paragraph 27.

**COUNT THREE:     Retaliation in Violation of Conn. Gen. Stat. § 31-290a[4]**

**COMPLAINT ¶ 1:** [*sic*]

The Plaintiff repeats and re-alleges Paragraphs 1 through 22 above as Paragraphs 1 through 22 of this Third Count as if fully set forth herein.

---

[4] The Parties have joined in requesting that the Court sever Plaintiff's Workers' Compensation Act claim (Count Three) and remand that claim alone back to the Connecticut Superior Court.

**ANSWER:**

Paragraph 1 of Count Three consists of a statement of incorporation, to which no response is required. To the extent that a response is required, Defendant incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶ 23: [*sic*]**

The Plaintiff was discriminated against, retaliated against and terminated for exercising or attempting to exercise his rights [*sic*] the Worker's Compensation Statute in violation of Connecticut General Statutes § 31-209a.

**ANSWER:**

Defendant denies the allegations in Paragraph 23.

**COMPLAINT ¶ 24: [*sic*]**

As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to his loss and detriment.

**ANSWER:**

Defendant denies the allegations in Paragraph 24.

**COMPLAINT ¶ 25: [*sic*]**

As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

**ANSWER:**

Defendant denies the allegations in Paragraph 25.

**COMPLAINT ¶ 26: [*sic*]**

As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**ANSWER:**

Defendant denies the allegations in Paragraph 26.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred, in whole or in part.

### Third Affirmative Defense

To the extent Plaintiff failed to exhaust his administrative remedies and/or failed to comply with the procedural prerequisites prior to bringing some or all of his claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### Fourth Affirmative Defense

Without conceding that Plaintiff has suffered any damages as a result of the purportedly wrongful acts of Defendant, Plaintiff has failed to mitigate his damages.

### Fifth Affirmative Defense

To the extent Plaintiff alleges that any of Defendant's employees acted in an improper or illegal manner, such conduct, if it occurred, was outside the course and scope of their employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided or to avoid harm otherwise.

78833351v.1

### Seventh Affirmative Defense

Defendant has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under the law.

### Eighth Affirmative Defense

Plaintiff cannot establish a *prima facie* case of disability discrimination, failure to accommodate, or retaliation.

### Ninth Affirmative Defense

Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory reasons.

### Tenth Affirmative Defense

Defendant avers that even if some impermissible motive were a factor in any employment decision(s) concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

### Eleventh Affirmative Defense

Plaintiff is not entitled to punitive damages because Defendant made a good faith effort to comply with all applicable anti-discrimination laws.

### Twelfth Affirmative Defense

Plaintiff is not entitled to liquidated damages because Defendant exercised good faith efforts to comply with all provisions of the law.

### Thirteenth Affirmative Defense

To the extent Plaintiff claims compensatory and liquidated damages, those damages are barred to the extent that these forms of relief are duplicative of each other.

78833351v.1

## RESERVATION OF RIGHTS

Defendant reserves the right to raise additional defenses as may be discovered during the course of these proceedings.

Dated: January 14, 2022

Respectfully submitted,

**AMAZON.COM SERVICES LLC,**

By its attorneys,

*/s/ Daniel B. Klein*
Daniel B. Klein (ct18934)
dklein@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone:   617-946-4800
Facsimile:   617-946-4801

78833351v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2022, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Daniel B. Klein
Daniel B. Klein

14

78833351v.1